**In the Matter of DEE'S, Inc., Debtor.**
**No. 25360.**

United States District Court
E. D. Pennsylvania.
Aug. 15, 1958.

Edwin P. Rome, Blank, Rudenko & Klaus, Philadelphia, Pa., for petitioners, Emerson Radio of Pennsylvania, Inc., and Philadelphia Distributors, Inc.

Meyer E. Maurer, Wexler, Mulder & Weisman, Miller, Adelman & Lavine, Philadelphia, Pa., for receiver, George L. Stark.

Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for debtor, Dee's Inc.

EGAN, District Judge.

This matter comes before the Court on certificates for review of two orders filed by a Referee in Bankruptcy.

In view of what has happened in this and a companion bankruptcy matter (Cause No. 25409) [1], the petitions for review of restraining orders entered on March 27, 1958 and April 3, 1958, by the Referee against Emerson Radio of Pennsylvania, Inc., and Philadelphia Distributors, Inc., have become moot.

The facts are apparently undisputed. Lewis Dion, for some time prior to January 1, 1957, operated as an individual a number of stores now known as discount houses. The principal place of business was the property situate at 3642–44–46 North Broad Street, Philadelphia, which was titled in his name.

On or about January 1, 1957, he transferred to a corporation known as Dee's, Inc., all of the assets of his business, and the corporation assumed all of his liabilities. There was no deed delivered

[1]. Lewis Dion, trading as Dee's and Dee's Radio & Record Store and Dee's Radio & Television Supply.

for the transfer of the real estate, because evidently he did not wish to pay the real estate transfer taxes [2]. However, the real estate was transferred on and into the *books* of the corporation and the corporation, from that time on, assumed all of the obligations of the prior business and of the real estate, and had in its possession and control all of the assets of the prior business, including the said real estate.

Such was the condition of this business on March 10, 1958, when Dee's, Inc. filed a petition for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. On the same day, a Court-appointed receiver took possession of all the assets, including the real estate, and operated the business under Court order.

A day or two before March 10, 1958, Emerson Radio of Pennsylvania, Inc. (Emerson) and Philadelphia Distributors, Inc. (Philadelphia), both represented by the same counsel, induced Lewis Dion to sign judgment notes for substantial sums of money, presumably on the theory that the money was owed to them by him individually, as well as by the corporate entity, Dee's, Inc. It may be conceded that a substantial part of this indebtedness was contracted by Dion individually and prior to January 1, 1957. After that time, many payments were made on account of the running indebtedness, and if an accounting is desirable, it might well prove that if these payments were applied to the first indebtedness, that most of the present indebtedness would now be due from the corporation.

On the same day that the bankruptcy petition was filed, these two creditors took the following action in the Common Pleas Courts of Philadelphia County:

1. The entry of the judgment notes against Lewis Dion.

2. The issuance of attachments execution under said judgments against the property of Lewis Dion in the hands of certain garnishees, including Dee's, Inc.

3. The initiation of a suit in assumpsit against Lewis Dion and Dee's, Inc., to liquidate and recover on open accounts.

4. The initiation of suit against Lewis Dion and Dee's, Inc. to enforce an equitable lien against the assets of Lewis Dion, growing out of alleged violations of the Pennsylvania Uniform Commercial Code, 12A P.S. § 1–101 et seq., with respect to bulk transfers.

■■ On March 27, 1958, pursuant to a petition filed by the receiver, the Referee issued an order restraining the two creditors from proceeding with the actions against Dee's, Inc., insofar as they affected property within the jurisdiction of the bankruptcy court, and at the same time he also vacated the liens placed upon the property which was in the possession of Dee's, Inc. This latter action was based on Section 67, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. a, which provides that all liens acquired within four months prior to the filing of the bankruptcy petition while the bankrupt was insolvent are void. There can be no question but that the Referee acted properly in that any property which was in the possession of the debtor, Dee's, Inc., was subject to the summary jurisdiction of the bankruptcy court. Thompson v. Magnolia Petroleum Co., 1940, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876. By restraining the proceedings in the State courts, the Referee effected a status quo of the said real estate, pending a determination as to its ownership. Since there is no question that the bankruptcy court has the power to enjoin State proceedings which interfere with the assets of the estate or the administration of the court, we concur with the action of the Referee and therefore affirm the order.

Our perusal of the Referee's order of March 27, 1958 reveals no restraint of the suits started against the individual, Lewis Dion, but only restrains actions against the debtor, Dee's, Inc.

---

2. 1% City and 1% State, estimated at a total of $3,000.

Thereafter, the two creditors caused to be issued an execution against the real estate in question and a Sheriff's sale was fixed for April 7, 1958. On April 3rd, the receiver petitioned for a restraint of the sale and a restraining order issued enjoining the sale of the said real estate on the grounds that it was in the possession of the debtor, Dee's, Inc., and therefore subject to the exclusive jurisdiction of the bankruptcy court. This action was entirely proper.

 As of that date, an involuntary petition in bankruptcy had been filed against the individual, Lewis Dion. The Court appointed a receiver and Mr. Dion was eventually adjudicated a bankrupt. Therefore, under Section 67, sub. a of the Bankruptcy Act, the liens filed against Dion by virtue of the judgment notes now became void. The only question left unresolved by the latter proceedings is, into which estate should the real estate ultimately fall? Since both debtors are now before the bankruptcy court, it unquestionably has jurisdiction and the entire controversy, as far as the restraining orders are concerned, has now become moot. Whether or not Emerson or Philadelphia had valid liens against Lewis Dion is now immaterial, as far as the suits in the State courts are concerned. The entire proposition has now become academic.

The two creditors argue that they should have been permitted to pursue their actions against both parties for their respective violations of the bulk transfer provisions of the Pennsylvania Uniform Commercial Code, in that they might be able to establish an equitable lien which would pre-date the four-month period of Section 67, sub. a. They urge that under Thompson v. Magnolia Petroleum Co., supra, the answer to this question would be properly determined *only* in the State tribunal and thus if they can establish this lien, they would be entitled to a preference in these proceedings.

The Supreme Court in Thompson said:

"A court of bankruptcy has an exclusive and nondelegable control over the administration of an estate in its possession. But the proper exercise of that control may, *where the interests of the estate and the parties will best be served,* lead the bankruptcy court to consent to the submission to State courts of particular controversies involving *unsettled* questions of State property law and arising in the course of bankruptcy administration." At page 483, of 309 U.S., at page 630 of 60 S.Ct. (Emphasis supplied.)

Insofar as the bulk transfer provisions of the new Uniform Commercial Code are substantially the same as former law, and in view of the abundance of decisional law in the area,[3] we feel that the bankruptcy court would have no difficulty in determining whether or not Emerson and Philadelphia have valid liens. It is our belief that the entire controversy should be settled within the Federal system under the jurisdiction of one court whenever it is possible. In this way, "the interests of the estate and the parties will best be served."

Any liens against the real estate effected by the confession of judgment as against Dee's, Inc. or Lewis Dion are now void by virtue of Section 67, sub. a of the Bankruptcy Act. However, if the creditors can establish before the bankruptcy court that they are entitled to be lienholders as of a period more than four months prior to the filing of the petitions, they should be given at that time whatever relief and priority the Bankruptcy Act provides.

### Order

And now, August 15, 1958, the petitions for review of the Referee's orders filed by Emerson Radio of Pennsylvania, Inc. and Philadelphia Distributors, Inc., respectively, are hereby severally dismissed.

---

3. See the Pennsylvania Bar Association Notes appearing in 12A P.S. §§ 6–101—6–111 (Purdon) wherein it is stated in reference to the various sections that there is no substantial change from the prior law which was repealed by the Commercial Code. In many instances, cases are cited in support of these statements.